**FILED**
**SEPT. 21, 2021**
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ERIC BARTOLI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:21-cv-02195 (UNA) |
| | ) |
| ERIC HOLDER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff is a federal prisoner proceeding *pro se*. He is currently designated to the Northeast Ohio Correctional Center, located in Youngstown, Ohio. He filed a complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, but failed to submit the required financial information pursuant to 28 U.S.C. § 1915(a)(2). Therefore, on August 16, 2021, the court issued an order, ECF No. 3, providing plaintiff with a thirty-day extension to submit a certified copy of his trust fund account statement (or institutional equivalent) for a six-month period immediately preceding the filing of this complaint. Plaintiff has now filed a certified copy of his trust fund accounting, ECF No. 4, complying with the pending order. Thus, the court will grant the IFP application and may now turn to assess the complaint. *See* 28 U.S.C. §§ 1915(e)(1)(A), 1915A(a)–(b).

As background, plaintiff was indicted on criminal charges in October 2003 in the United States District Court for the Northern District of Ohio. *See United States v. Bertoli*, No. 5:03-cr-00387-JRA-1 (N.D. Ohio filed Oct. 9, 2003) at ECF No. 2 (Indictment, Oct. 15, 2003). He was apparently a fugitive for several years and was living in Peru. *See id.* at Dkt. Note ("Arrest of Eric V. Bartoli," Oct. 29, 2015); *see also* Compl. at 3–5. He was located, arrested, and extradited to the United States in October 2015. *See id.* On July 13, 2016, plaintiff entered a guilty plea, *see*

*Bertoli*, No. 5:03-cr-00387-JRA-1 at ECF No. 34 (Plea Agreement); Compl. at 5, and he was sentenced on November 9, 2016, *see Bertoli*, No. 5:03-cr-00387-JRA-1 at ECF No. 42 (Minutes of Sentencing Proceedings); Compl. at 5–6.

Plaintiff now sues a former United States Attorney General and an official at the United States Department of Justice, both of whom plaintiff alleges were involved in his extradition. *See* Compl. at 1–5. He also sues both the presiding Judge and the federal prosecutors assigned to his criminal case, all of whom are located in the Northern District of Ohio. *Id*. He alleges that all of the defendants have intentionally "colluded" in an ongoing conspiracy to violate his constitutional rights. *See id*. at 3–7. More specifically, he alleges defendants knowingly convicted him in violation of the Ex Post Facto Clause, the Fifth Amendment, and the Eighth Amendment, because they intentionally relied on inapplicable criminal statutes. *Id*. at 1, 3–4, 6. He seeks ten million dollars in damages. *Id*. at 7.

First, *Heck v. Humphrey*, 512 U.S. 477 (1994), bars the relief sought. In *Heck*, the Supreme Court held that one who has been convicted of a crime may not ordinarily recover damages pursuant to 42 U.S.C. § 1983 for "harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid." *Id.* at 486. The only qualification to this otherwise broad prohibition is if a plaintiff can "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486–87. The parameters of *Heck* have been expanded to reach § 1983's federal equivalent, the "*Bivens* claim." *See generally Bivens*, 403 U.S. at 388; *see also Williams v. Hill,* 74 F.3d 1339, 1340–41 (D.C. Cir. 1996) (per curiam). If judgment were to be granted in plaintiff's favor in this case, it "would necessarily imply the invalidity of his conviction." *Heck*,

512 U.S. at 487.  Therefore, because plaintiff was found guilty and because the verdicts have not been set aside, plaintiff cannot recover damages for the actions of those who allegedly brought about his conviction.  *See Williams*, 74 F.3d at 1341.

Second, the court finds that the defendants are immune from suit, based on the facts presented.  Under the doctrine of sovereign immunity, the United States, its agencies, and its officials – sued in their official capacity – are immune from damages suit unless Congress has expressly waived the defense of sovereign immunity by statute. *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

Additionally, judges are absolutely immune from suits for money damages for "all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see also Mireles v. Waco*, 502 U.S. 9, 9 (1991) (acknowledging that a long line of Supreme Court precedents have found that a "judge is immune from a suit for money damages"); *Caldwell v. Kagan*, 865 F. Supp. 2d 35, 42 (D.D.C. 2012) ("Judges have absolute immunity for any actions taken in a judicial or quasi-judicial capacity."). And "a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *see also Mireles*, 502 U.S. at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice.").

Finally, "unless a prosecutor proceeds in the clear absence of all jurisdiction, absolute immunity exists for those prosecutorial activities intimately associated with the judicial phase of the criminal process." *Gray v. Bell*, 712 F.2d 490, 499 (D.C.Cir.1983) (absolute prosecutorial immunity for even quasi-judicial actions), *cert. denied*, 465 U.S. 1100 (1984).  Put simply, all of the named defendants are immune from this lawsuit.

Consequently, for all of the above stated reasons, this case is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii) and 1915A(b)(1) and (2). Plaintiff's pending motion for document production, ECF No. 5, is denied as moot. A separate order accompanies this memorandum opinion.

                                                                            /s/
                                        AMY BERMAN JACKSON
                                        United States District Judge

Date:  September 21, 2021